In the Matter of HARRY N. STEINFELD, an Attorney, Respondent.

First Department, February 9, 1923.

**Attorney and client — disciplinary proceedings — attorney disbarred for deceit and conversion — findings of referee supported by evidence.**

An attorney at law will be disbarred from practice for deceit and conversion where it appears that he engaged a firm of attorneys in another State to handle certain litigation of a client of his in that State under an agreement to share the fees equally and that the required services were performed but the attorney personally collected the fees, concealed the fact from the counsel he had retained and appropriated the entire sum to his own use, and where it further appears that he collected money for another client and converted the same to his own use.

The findings by the referee are not only supported by the weight of the evidence, which is all that is required in a proceeding of this character, but there exists no reasonable doubt as to their correctness.

DISCIPLINARY proceedings instituted by the Association of the Bar of the City of New York.

*Einar Chrystie*, for the petitioner.

*Henry C. Neuwirth*, for the respondent.

CLARKE, P. J.:

The respondent in June, 1910, was admitted to practice as an attorney and counselor at law at a term of the Appellate Division of the Supreme Court, Second Department, and was practicing in the first judicial district at the time he committed the acts complained of. A petition was presented by the Association of the Bar charging him with professional misconduct substantially as follows: That in March, 1915, the respondent retained the firm of Morris, Walker & Allen of Pittsburgh, Penn., to handle certain litigation of a client of his in Pennsylvania under an agreement to share the fees equally; that the required services were performed by said Pittsburgh attorneys; that the respondent personally collected the fees, concealed the fact from the counsel he had retained and appropriated to his own use the entire sum; that notwithstanding repeated demands upon him no part of the payment of the fees has been paid by him to Messrs. Morris, Walker & Allen.

Upon this petition and an affidavit submitted in opposition thereto the matter was referred to an official referee who took evidence and made his report thereon. Before this court had acted upon said report the Association of the Bar filed a supplemental petition containing additional charges of misconduct, in brief, as follows:

Charge No. 1. In the year 1920 while acting as attorney for Madame Juliette Nicole, a milliner and dressmaker, the respondent collected the sum of $420 from Madame Albertina, a customer. Respondent converted this money to his own use and on or about August 11, 1920, forwarded to his client a check for the sum of $420 which was subsequently returned by the bank upon which it was drawn because there were not sufficient funds to the credit of respondent's account to pay the same.

Charge No. 2. That between June 1, 1920, and October 1, 1920, the respondent collected the sum of $500 on account of a claim which his client Madame Juliette Nicole had against one Grace Barnum. Respondent converted the same to his own use and concealed from his client the fact that he had collected the same.

Charge No. 3. That on or about August 13, 1920, Madame Juliette Nicole notified the respondent that she no longer desired his services as an attorney. Thereafter the respondent concealed the fact that he had been discharged as attorney for Madame Nicole from the attorneys who appeared for the defendant in an action which said Madame Nicole had brought against one Grace Barnum, which action was pending and wherein he was acting as attorney for the plaintiff, and he induced the attorneys for said defendant to pay him $200 on account of the claim made by the

plaintiff therein. This sum of $200 was part of the sum of $500 alleged to have been converted by the respondent in charge No. 2, above set forth, the collection of which was concealed from Madame Nicole.

This supplemental petition and the answer thereto were referred to the official referee who had reported upon the first charges, who took evidence thereon and made his report, and both reports are now before the court for its determination thereon.

In regard to the charges contained in the original petition the learned official referee in a careful report states that upon the trial the petitioner produced the testimony of three witnesses, all of whom attended, two of whom took the stand and the third submitting his deposition; that a large amount of documentary evidence was introduced and the respondent appeared and testified in his own behalf; that the respondent's testimony was directly at variance with all of the three witnesses produced in behalf of the petitioner; that the respondent's testimony on cross-examination was unsatisfactory and uncertain while that of the petitioner's witnesses, confined as it was to three reputable members of the bar, accorded with the surrounding circumstances and probabilities. Upon the whole proceeding, the referee felt constrained to resolve all disputed questions of fact in favor of the petitioner, and he finds "that the respondent entered into an agreement with Messrs. Morris, Walker & Allen, attorneys at law, of Pittsburgh, Pa., by which he retained them to represent Mrs. Alsop in a then pending litigation in the courts of Pennsylvania and certain other contemplated litigation, and that respondent agreed to share equally with them whatever fees he received in the aforesaid matters. That said Messrs. Morris, Walker & Allen, in pursuance of said retainer and relying upon said agreement, performed certain services in said litigations. That the respondent received from Mr. Minter Wimberly, the representative of Mrs. Alsop, on her behalf, the sum of $2,650. That of said sum an amount not greater than $300 was given to the respondent for his services in connection with the settlement of certain outside financial obligations of Mrs. Alsop in or about this city. That of the balance in respondent's hands, paid to him by Mr. Wimberly to cover all legal fees in connection with the litigated matters herein referred to, no part thereof has ever been paid to Messrs. Morris, Walker & Allen, of Pittsburgh. I further find that the respondent concealed the fact of the receipt by him of said $2,650 from the firm of Messrs. Morris, Walker & Allen and appropriated the whole of said sum to his own use thereby being guilty of an act of professional misconduct."

Upon the supplemental charges the learned referee reports:

" It appears from the evidence on both sides that in 1920 the respondent was retained as attorney for one Madame Juliette Nicole, a New York city milliner and dressmaker, to collect certain overdue accounts of customers, upon the basis of a contingent fee of ten per cent of the amounts collected in all cases where no suit was instituted and twenty-five per cent of the amounts collected after bringing suits against the debtors. Pursuant to this arrangement, while his client was in Europe, the respondent collected the sum of $150 from one Cantu, which he turned over to his client's bookkeeper. He further collected the sum of $420 from one Madame Albertina. On August 12, 1920, in response to her request, Madame Nicole received a check from the respondent for $420 which she deposited, and which was returned by the respondent's bank for lack of sufficient funds to meet the same. The transcript of respondent's bank account showed that at the time he drew this check there was a balance of $112 to his credit in the account. Madame Nicole thereupon discharged the respondent as her attorney. Up to the time of the complaint to the petitioner no part of this collection had been paid to the client by respondent. Shortly after discharging the respondent as her attorney, Madame Nicole retained Messrs. Gannon, Seibert & Riggs as her attorneys to assist her in recovering the moneys collected in her behalf. A summary proceeding was initiated, which was adjourned pending negotiations for settlement. During this period it came to the attention of Madame Nicole's then attorneys that other sums than those which they had been engaged to recover had been collected by respondent, namely, installments aggregating $300 on account of two of the claims of Madame Nicole's customers, Grace Barnum and Grace Clark. They further learned that from the same persons, in addition to the $300 mentioned above, $100 had been collected by respondent on August 31, 1920, and another $100 on September 23, 1920. The date of the respondent's discharge by Madame Nicole was about August 13, 1920. The summary proceeding was finally withdrawn on payment by the respondent to Madame Nicole's attorneys of the sum of $700."

The referee further reports, as to the respondent's testimony in regard to the return of the $420 check by his bank, that the respondent testified that at the time he sent the check to his client he was about to make a deposit in the bank to cover the amount of said check; that by reason of the dispute arising between himself and his client he did not make such deposit. He immediately on August 13, 1920, notified the bank to withhold payment; that this step was taken by him by reason of his client's notice to him

that his services were no longer desired, and in order to protect himself and insure the payment of his fees. Respondent further testified that he had other funds available at the time, and that he was at all times in possession of funds sufficient to pay his client in full; that he had withdrawn some of his client's money and placed it in the care of an office associate for safekeeping; that some of said money had been withdrawn and placed in a safe deposit box which he had in the Guaranty Trust Company. In respect thereto the referee says: " Regarding charge No. 1. The evidence shows that the respondent had collected the $420; that he drew most of it from the bank in which he deposited it; that the check to his client's order was returned by the bank because of insufficient funds, and not because payment had been stopped. The respondent's testimony as to having at all times sufficient funds in other places with which to meet the demands of his client is altogether unworthy of credence. In short, the respondent's explanation does not explain," and finds him guilty of the misconduct charged.

Concerning charge No. 2, the referee reports that " aside from the respondent's assertion that he sent a statement of account to his client, there is nothing to refute the charge of conversion. The respondent was given every opportunity to find a copy of such statement, if copy there was, and to date none has been produced. The testimony of petitioner's witnesses, on the other hand, was clear and convincing. On September 16, 1920, the respondent sent a letter to Madame Nicole's then attorneys enclosing a statement of his services and therein he makes no mention whatever of the Barnum and Clark cases, although the evidence shows he at that time had collected the sum of $400. This omission on the respondent's part, together with the situation as revealed by the transcript of his bank account, tells its own story," and finds respondent guilty of misconduct on charge No. 2.

As to charge No. 3, namely, that $200 of the amounts collected by respondent in the Barnum case was so collected after he had been discharged by his client, the referee reports: " there is neither satisfactory denial nor explanation. In the statement sent by respondent to his client's new attorneys wherein he was detailing the amounts due him for services, he makes no mention whatever of the Barnum and Clark matters or the money collected by him therein which he then had in his possession, thus concealing the fact that he had collected them." Upon all the evidence submitted the referee finds that this concealment by respondent was deliberate and intentional and, therefore, finds him guilty of misconduct upon the third charge as stated in the petition.

We have carefully considered the testimony and exhibits and are forced to the conclusion that the findings of the learned official referee are sustained and we approve the same. The respondent's bank accounts clearly show that he had drawn out and converted to his own use moneys of his client collected by him and held in trust for her benefit. Testimony given by him in many instances is flatly contradicted by the exhibits in the case and certain important parts of testimony are likewise contradicted by his own witness. The findings are not only supported by the weight of the evidence, which is all that is required in a proceeding of this character, but there exists no reasonable doubt as to their correctness. Deceit and conversion being clearly established it follows that the respondent has been proven to be unworthy to retain his position as a member of an honorable and trustworthy profession whose fundamental rules of conduct he has been conclusively proven to have violated. He is, therefore, disbarred.

DOWLING, PAGE, MERRELL and FINCH, JJ., concur.

Respondent disbarred. Settle order on notice.